**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                           :
SHAROB ABDUL-AZIZ,                         :
                                           : Civil Action No. 07-259 (MLC)
               Plaintiff,                  :
                                           :
          v.                               :         O P I N I O N
                                           :
MARIE KNIGHT, et al.,                      :
                                           :
               Defendants.                 :
                                           :
```

**APPEARANCES**:

Sharob Abdul-Aziz, <u>Pro</u> <u>Se</u>
New Jersey State Prison, #264368
P.O. Box 861, Trenton, NJ 08625

**COOPER, District Judge**

Plaintiff, who is incarcerated at the New Jersey State Prison, seeks to bring this action alleging violations of his constitutional rights <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence and prison account statement, the Court will grant his application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. Plaintiff's claims will be dismissed.

**BACKGROUND**

Plaintiff states that in December 2005, he experienced dizziness and headaches while incarcerated. Having relatives in the medical field, Plaintiff sought medical attention for diabetes. On March 10, 2006, he saw a doctor. On March 15, 2006, he saw a nurse for high blood pressure. On April 12, 2006, he "put in" to see a doctor. His headaches and dizziness persisted. On April 24, 2006, Plaintiff saw a doctor and expressed his belief that he was diabetic. The doctor had blood work done revealing low sugar levels. Plaintiff did not see a doctor in May or June. He states that he fell unconscious in his bunk, and told his mother, who stated that his sugar was probably too low. Plaintiff's mother called defendant Knight, the medical department supervisor, to complain about the lack of medical attention received by Plaintiff.

On July 11, 2006, Plaintiff filed an "administrative remedy" for lack of medical care, and on July 21, was seen by defendant Dr. Melendez. The doctor thought that perhaps the previous blood work was a "false positive" and reordered the blood work. Plaintiff states that the blood work was redone on July 28.

On September 5, 2006, Plaintiff wrote another "administrative remedy" as to his medical care. He was told he would see a doctor soon, and on September 25, was seen by Dr. Melendez. Although Plaintiff still believed he was diabetic, the doctor ordered an HIV test due to his low white cell blood count.

On October 2, 2006, Plaintiff requested a copy of his medical records. On October 6, 2006, Plaintiff was seen by an eye doctor who told him that his eyes were "fine" and that he should "push the issue about possible diabetes." That same day he was called to see defendant Knight, who told him that she was tired of his writing complaints and that there was nothing wrong with him. Defendant Knight told Plaintiff that he would not be happy until they found something. Plaintiff said that he was "pretty sure something was wrong and that in this prison the outcome of situations like [Plaintiff's] are always bad if left up to her medical department."

Plaintiff states that the medical professionals in his family have advised him of other testing methods and treatment; however, defendants "did none of this over the last ten months," and he still suffers from headaches and dizzy spells. Plaintiff asks for monetary and injunctive relief.

## DISCUSSION

**A.    Standard of Review**

The purpose of the Prison Litigation Reform Act ("PLRA") is "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996). Under 28 U.S.C. § 1915A(b), a court must dismiss, at the earliest practicable time,

any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). But the Court need not lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Where a complaint can be remedied by an amendment, a district court must permit the amendment. Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. It states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that (1) the challenged conduct was committed by a person acting under color of state law and (2) the conduct

deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994). Here, Plaintiff alleges that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment by denying him proper medical care, and that his medical care violated state and federal laws.

**C.   Claims Regarding Medical Care**

To state a cognizable claim for a violation of the right to adequate medical care, which must be provided by prison officials, an inmate must allege a serious medical need and behavior by the prison officials constituting deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).

The inmate must first allege facts indicating that the medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). Serious medical needs include those diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions that, if untreated, would result in lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The inmate must then show that prison officials acted with deliberate indifference to the serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Also, a prisoner's subjective dissatisfaction with medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). It is also mere medical malpractice, and not an Eighth Amendment violation, if a doctor's judgment as to the proper course of a prisoner's treatment ultimately is shown to be mistaken. See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

Assuming that Plaintiff's headaches and dizziness amount to a "serious" medical need, he has not alleged facts indicating that the defendants were deliberately indifferent to his needs. Plaintiff was able to consult with different doctors and nurses, and was treated for his complaints; albeit, he was not diagnosed

with or treated for diabetes, from which he believes he suffers. Plaintiff's complaint alleges facts indicating no more than a disagreement with medical professionals about his ailments and course of treatment. Because Plaintiff has failed to establish an Eighth Amendment violation, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

**D.    State Law Claims**

Plaintiff argues that his rights have been violated under the state constitution. Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. Where all federal claims are dismissed before trial, "the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances are present, this Court will dismiss Plaintiff's state law claims, without prejudice.

**CONCLUSION**

The complaint will be dismissed. The Court advises Plaintiff that he may move to reopen if he can correct the complaint's deficiencies in a proposed amended complaint.

s/ Mary L. Cooper              
**MARY L. COOPER**  
United States District Judge